**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **DAVID MICHAEL BLANK,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. **MAB 14-CV-01722** |
| | * | |
| **GIANT OF MARYLAND, LLC,** | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

Barnett, Judge:[1] David Michael Blank ("Plaintiff") brings this action against Giant of Maryland, LLC ("Defendant"). Plaintiff alleges that Defendant has failed to pay him overtime wages and that the failure to pay the wages is in violation of the Maryland Wage Payment and Collection Law,[2] Md. Code. Ann., Lab. & Empl. §§ 3-501-509, ("MWPCL"). (*See generally* Compl., ECF No. 2.) Defendant moves to dismiss the complaint for lack of subject matter jurisdiction, arguing that the claim is preempted by the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), or, in the alternative, for failure to state a claim. (*See generally* Def.'s Mot. Dismiss ("Def.'s Mot."), ECF No. 7.) For the following reasons, the court grants Defendant's motion and orders this case dismissed.

---

[1] Judge Mark A. Barnett of the United States Court of International Trade, sitting by designation.
[2] Plaintiff erroneously refers to it as the "Maryland Wage Payment and Collection Act." (Compl. ¶¶ 25-26.) *See* Md. Code Ann., Lab. & Empl. § 3-509.

I.   **Background and Procedural History**

Defendant, a Maryland business entity, previously employed Plaintiff. (Compl. ¶¶ 2-3.) It originally hired him as a bagger and parcel clerk in 1967. (Compl. ¶ 12.) He rose through the company ranks to become assistant manager[3] in 1972. (Compl. ¶ 13.) Plaintiff is a member of the United Food & Commercial Workers International Union Local 400 ("Union"). (Def.'s Mot. 2; Ex. A.)[4] His employment with Defendant was governed by the collective bargaining Agreement Made by and Between Local 400 Chartered by the United Food & Commercial Workers International Union and Giant Food LLC (the "CBA"). (Def.'s Mot. 2; Ex. B (CBA).)

Defendant terminated Plaintiff's employment on December 31, 2013. (Compl. ¶ 23.) Plaintiff avers that: (1) he worked roughly 1,000 hours of overtime per year for Defendant in the last ten years, (Compl. ¶ 18); (2) he is owed overtime wages "of around $104,265," (Compl. ¶ 28); and (3) Defendant has not paid him these overtime wages, (Compl. ¶ 24). He further avers that he made a good faith request to Defendant to pay him these overtime wages, and that the overtime wages have not been withheld as the result of a "bona fide dispute." (Compl. ¶¶ 20-21.) He alleges that over two weeks have elapsed since Defendant was required to pay him his overtime wages and that Defendant, to date, has not paid the wages. (Compl. ¶¶ 19, 22.)

---

[3] This title became "Non-Perishable Manager" in 2004. (Compl. ¶ 14.)
[4] The court may consider documents attached to the motion to dismiss "so long as they are integral to the complaint and authentic" and Plaintiff has not called into question the authenticity of the documents attached to Defendant's motion to dismiss. *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014) (citations and quotation marks omitted).

Plaintiff filed this action in the Circuit Court for Montgomery County, Maryland on March 20, 2014, (*see* Compl.), averring that Defendant's failure to pay these overtime wages violates the MWPCL, (Compl. ¶ 25).  He requests treble damages under the MWPCL, amounting to $312,795, as well as reasonable attorney's fees and costs.  (Compl. ¶¶ 30-31.)  On May 29, 2014, Defendant removed this action to federal court on the basis of the LMRA and 28 U.S.C. § 1331.[5]  (Notice of Removal, ECF No. 1.)  Defendant now moves to dismiss, averring that Plaintiff's claim is preempted by Section 301 of the LMRA, and that, moreover, his claim is insufficiently pled as a matter of law.  (Def.'s Mot. 1.)  Plaintiff opposes the motion, arguing that his claim is not preempted, and is sufficiently pled.  (*See* Pl.'s Opp'n., ECF No. 12.)

## II.     Standard of Review

### A. Subject Matter Jurisdiction

A federal court must determine that it has subject matter jurisdiction before considering the merits of a case.  *Rhurgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  Subject matter jurisdiction refers to the "courts' statutory or constitutional power to adjudicate the case."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (emphasis removed) (citation omitted).  A district court may have subject matter jurisdiction when the plaintiff's claim succeeds "if the Constitution and laws of the United States are given one construction and will be defeated if they are given another."  *Bell v. Hood*, 327 U.S. 678, 685 (1946).  To dismiss a case for lack of subject matter jurisdiction, the court must find the claim to be "so insubstantial, implausible, foreclosed

---

[5] The statute provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

by prior decisions of this [Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court." *Oneida Indian Nation v. Oneida Cnty.*, 414 U.S. 661, 666 (1974).

Section 301 of the LMRA provides for federal subject matter jurisdiction over employment disputes governed by collective bargaining agreements. *See* 29 U.S.C. § 185(a). To further the principal goal of the statute, i.e. maintaining uniform interpretation of labor contracts, Section 301 completely preempts "'any state cause of action for violation of contracts between an employer and a labor organization.'" *Barton v. House of Raeford Farms, Inc.*, 745 F.3d 95, 107 (4th Cir. 2014) (emphasis removed) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983)), *petition for cert. filed*, (U.S. June 25, 2014) (No. 13-1544); *see also Price v. Goals Coal Co.*, No. 97-1710, 1998 WL 536371, at *3 (4th Cir. Aug. 13, 1998) (unpublished) (noting that complete preemption doctrine is most often applied in cases implicating Section 301). While Section 301 does not preempt "'nonnegotiable rights'" conferred by a state statute, *Davis v. Bell Atl.-W. Va., Inc.*, 110 F.3d 245, 247 (4th Cir. 1997) (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)), it does preempt a state claim when the state claim is "inextricably intertwined with consideration of the terms of the labor contract," *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985), or if resolving the claim "requires the interpretation of a collective-bargaining agreement," *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988). When resolution of a state claim depends to a substantial degree on a collective bargaining agreement, it "must either be treated as a claim under § 301 or be dismissed as preempted under federal labor law." *Davis*, 110 F.3d at 247 (citing *Allis-Chalmers Corp.*, 471 U.S. 213at 220). However, the

mere fact that a collective bargaining agreement will be consulted or referenced in adjudicating a claim does not mandate preemption.  *See Livadas*, 512 U.S. at 124-25.

Under an LMRA preemption analysis, the court must first identify the elements of the state claim and, second, determine whether the claim "can be resolved without interpreting or depending on the proper interpretation of the collective-bargaining agreement."  *Barbe v. Great Atl. & Pac. Tea Co.*, 722 F. Supp. 1257, 1260 (D. Md. 1989).  However, "[a] colorable state-law cause of action is a predicate to a § 301 preemption claim."  *Washington v. Union Carbide Corp.*, 870 F.2d 957, 959 (4th Cir. 1989).  In its discretion, the court may therefore address the validity of the state claim prior to the preemption analysis.  *Owen v. Carpenters' Dist. Council*, 161 F.3d 767, 773 (4th Cir. 1998) (citing *Union Carbide Corp.*, 870 F.2d at 958).  Where the state claim is "patently without merit," the court may dismiss it without resolving the question of preemption.  *Id.* (citation and quotation marks omitted).

### B.  Failure to State a Claim

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of the complaint.  *Stewart v. Bierman*, 859 F. Supp. 2d 754, 758 (D. Md. 2012) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).  Generally, the complaint must satisfy only the pleading standard of Federal Rule of Civil Procedure 8(a), which requires a "'short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Johnson v. Prosperity Mortg. Corp.*, No. 11-02532, 2011 WL 5513231, at *2 (D. Md. Nov. 3, 2011) (quoting Fed. R. Civ. P. 8(a)(2)).  The Supreme Court has clarified that under Rule 8(a), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In other words, a complaint must consist of "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).  In considering a motion to dismiss, the court must construe the complaint in the manner most favorable to the plaintiff and take all the facts alleged as true.  *Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 463 (D. Md. 2013) (citing *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999)).  The court may also consider documents attached to the complaint and the motion to dismiss if they are authentic and central to the complaint.  *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citations omitted).

### III.  Analysis

#### A. Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted

Plaintiff alleges that Defendant violated the MWPCL by failing to pay him for overtime wages due to him prior to or within two weeks of his termination.  Section 3-505(a) of the MWPCL provides that:

> each employer shall pay an employee or the authorized representative of an employee all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated.

Md. Code Ann., Lab. & Empl. § 3-505(a).  The MWPCL also provides that an employee may bring an action against an employer for such wages if "after 2 weeks have elapsed from the date on which the employer is required to have paid the wages," the employer has failed to remit payment.  Md. Code Ann., Lab. & Empl. § 3-507.2(a).  When an

employer withholds funds "not as a result of a bona fide dispute," the court may award treble damages. Md. Code Ann., Lab. & Empl. § 3-507.2(b). However, it is axiomatic that the MWPCL "does not concern the amount of wages payable but rather the duty to pay whatever wages are due on a regular basis and to pay all that is due following termination of the employment." *Friolo v. Frankel*, 373 Md. 501, 513 (2003); *see also Watkins v. Brown*, 173 F. Supp. 2d 409, 4165 (D. Md. 2001) (noting that purpose of statute is "merely to regulate and ensure wage payments by employers").

Defendant contends that while Plaintiff makes some reference to timing of payments, his complaint actually revolves around his entitlement to overtime wages, which Defendant disputes. (*See* Def.'s Mot. 7, 10, 12.) Prior to determining whether Defendant failed to pay wages due within the time constraints of section 3-505(a) of the MWPCL, the court would first have to determine what, if any, overtime wages were due. Thus, the court finds that the gravamen of Plaintiff's claim is that he worked around 1,000 hours of overtime each year for the past ten years, overtime hours for which he has not been compensated. While Plaintiff may cast his claim in the statutory terms regarding the timing of payment, the complaint is properly characterized as one regarding the Defendant's failure to pay overtime wages at all, rather than Defendant's "timing or mechanisms of wage payment." *Amrhein v. Regency Mgmt. Servs., LLC*, No. 13-1114, 2014 WL 1155356, at *7 (D. Md. Mar. 20, 2014) (citation omitted); *see also Andrews v. Comcast Cable Commc'ns Mgmt., LLC*, No. 12-2909, 2013 WL 3322337, at *2 (D. Md. June 28, 2013) (citing *Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662, 671 (D. Md. 2011)) ("[A] claim that focuses on the plaintiff's entitlement to overtime wages falls outside the scope of the MWPCL.").

Claims pursuant to the MWPCL have consistently failed when the "core dispute is whether plaintiffs were entitled to overtime wages at all and not whether overtime wages were paid on a regular basis or upon termination." *Butler*, 800 F. Supp. 2d at 670; *cf. Hoffman v. First Student, Inc.*, No. 06-1882, 2009 WL 1783536, at *10 (D. Md. June 23, 2009) (upholding MWPCL claim where parties did not dispute plaintiffs were entitled to payment of wages and rate of payment). In *McLaughlin v. Murphy*, the plaintiff claimed that at various points during his employment, he worked more than forty hours per week and did not receive overtime pay, and was consequently due treble damages under the MWPCL. 372 F. Supp. 2d 465, 468, 474 (D. Md. 2004). The court rejected this claim because the plaintiff had not alleged that the defendant "failed to pay him minimum wage and overtime due him upon his termination, but that it failed to pay him these wages at all." *Id.* at 475 (footnote omitted). In *Williams v. Maryland Office Relocators*, the plaintiff argued that he was due two years of overtime pay. 485 F. Supp. 2d 616, 617-18, 620 (2007). After determining that the plaintiff did not fall under a statutory exception and that he was indisputably due overtime, *id.* at 619-20, the court went on to reject plaintiff's claim for treble damages under the MWPCL, *id.* at 621-22. The court noted that the plaintiff had tried "to distinguish *McLaughlin* on the ground that here he specifically alleges that defendant failed to pay him overtime due to him upon the termination of his employment." *Id.* However, the court rejected this characterization, holding that the claim could not be brought under the MWPCL because it remained one for wages generally, rather than timing of wages. *Id.* at 622. Plaintiff's claim, therefore, cannot be brought under the MWPCL, and the court orders it dismissed. *See Caseres v. S&R Mgmt. Co.*, No. 12-01358, 2013 WL 4010894, at *3 (D.

Md. Aug. 5, 2013) (dismissing claim under MWPCL where core dispute was whether plaintiff entitled to overtime wages); *Jones v. Nucletron Corp.*, No. 11-02953, 2013 WL 663304, at *3 (D. Md. Feb. 20, 2013) (dismissing MWPCL claim because plaintiff's allegations concerned entitlement to overtime wages).

Moreover, even if Plaintiff's claim could be interpreted as falling within the MWPCL, Plaintiff's conclusory allegations would be insufficient under prevailing pleading standards. To succeed on a claim for treble damages under the MWPCL, a plaintiff must not only plead that he is owed "wages" from an "employer", as defined in Md. Code Ann., Lab. & Empl. § 3-501, but also that the wages were due upon termination, that the defendant is more than two weeks late in remitting the wages, and that the defendant is not withholding the wages as part of a bona fide dispute. *See generally Medex v. McCabe*, 372 Md. 28 (2002). In *Haslup v. Johns Hopkins Hospital*, the plaintiff sought $40,000 in unpaid overtime under the MWPCL, alleging only that more than two weeks have passed without the payment of the overtime and that there was no "bona fide dispute" over the wages. No.11-1411, 2011 WL 3648356, at *2 (D. Md. Aug. 8, 2011) (quotation marks omitted). The court noted that, even if it accepted the allegation that the plaintiff was owed $40,000 as true, the complaint failed "to state a plausible claim that Defendant violated the specific requirements of the MWPCL." *Id.* at *3. Plaintiff's complaint likewise merely states that he is owed a large sum in overtime wages, that more than two weeks have passed since his termination and that there is no "bona fide dispute" over the wages. These sort of "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient to satisfy the requirements of Rule 8(a). *Iqbal*, 556 U.S. at 678 (brackets in original) (quoting *Twombly*, 550 U.S. at 557); *see*

*Blanch v. Chubb & Son, Inc.*, No. 12-1965, 2012 WL 5471224, at *5 (D. Md. Nov. 8, 2012) (dismissing plaintiff's MWPCL claim for failure to allege specific facts).

### B. Plaintiff's Claim Would Be Preempted

In the interest of judicial economy, the court also addresses the issue of preemption, assuming *arguendo* that Plaintiff had brought a claim under the Maryland Wage and Hour Law ("MWHL"), which governs claims concerning actual entitlement to wages and overtime. See Md. Code Ann., Lab. & Empl. §§ 3-415, 3-420; *Reed v. Code 3 Sec. & Prot. Servs., Inc.*, No. 09-1162, 2009 WL 5177283, at *4 (D. Md. Dec. 18, 2009). The MWHL provides that employers shall pay an overtime wage of at least 1.5 times an employee's regular rate of pay, Md. Code Ann., Lab. & Empl. § 3-415, whenever the employee works in excess of forty hours in one week, Md. Code Ann., Lab. & Empl. § 3-420. To assert a claim for payment of overtime wages under the MWHL, "'a plaintiff must plead (1) that he worked overtime hours without compensation; and (2) that the employer knew or should have known that he worked overtime, but failed to compensate him for it.'" *Drubetskoy v. Wells Fargo Bank, N.A.*, No. 13-2196, 2013 WL 6839508, at *6 (D. Md. Dec. 20, 2013) (quoting *Butler*, 800 F. Supp. 2d at 667).

Any determination of Plaintiff's claim under the MWHL would require interpretation and application of the CBA. Specifically, Article 6 of the CBA governs hours and overtime. (*See generally* CBA art. 6.) It provides that employees shall receive overtime compensation, consisting of time and one-half their regular rate of pay, when: (1) they work more than forty hours in one week; (2) work more than five days in one week; (3) work more than thirty-two hours in any week in which a designated

holiday falls; or (4) work more than eight hours in a single day.  (CBA art. 6.4.)  Article 6 also provides for "premium pay" for all Sundays worked, as well as overtime for any employee instructed to work through their given meal period.  (CBA art. 6.4, 6.6, 6.11.)  Moreover, pursuant to Article 12, pyramiding of overtime or premium pay is not allowed, and any hours worked on Sundays or holidays are considered to be "in addition" to the normal work week.  (CBA arts. 6.2, 6.3, 12.1, 12.7.)

Calculating Plaintiff's overtime and rate of pay would therefore require interpretation and application of the CBA.  Courts within this Circuit have found that similar wage claims under state statutes have required interpretation of collective bargaining agreements.  *See Buckner v. UPS, Inc.*, No. 09-411, 2010 WL 2889586, at *3 (E.D.N.C. July 21, 2010) (holding claim defendant violated wage statute was preempted because would require court to interpret collective bargaining agreement to determine entitlement to pay "as well as rates of pay, hours, and computation of time"), *aff'd*, 489 F. App'x 709 (4th Cir. 2012), *cert. denied*, 134 S. Ct. 70 (2013); *Barton*, 745 F.3d at 107, 109 (holding claim concerning "hours worked" was preempted because necessarily required interpretation of collective bargaining agreement).  These holdings accord with the fact that Section 301 is generally understood to govern claims "founded directly on rights created by CBAs."  *Ragland v. A.W. Indus., Inc.*, No. 2008-1817, 2009 WL 2507426, at *6 (D. Md. Aug. 13, 2009) (discussing Supreme Court's holding in *Lingle*).  Therefore, Plaintiff's right to his claimed overtime wages is founded on the CBA rather than the MWHL.  Because Plaintiff's claim regarding the unpaid thousands of hours of overtime wages would necessarily require interpretation of the CBA, the court

finds that Section 301 of the LMRA would preempt any such claim.  *See Barton*, 745 F.3d at 113 (reversing judgment because wage claim should have been dismissed as preempted).

## IV. Conclusion

Plaintiff has failed to state a claim under the MWPCL.  Moreover, even if he were to amend his complaint to state a claim under the MHWL, Section 301 of the LMRA would preempt the claim.  Consequently, the court finds that amendment of the complaint would be futile.  For these reasons, the court grants Defendant's motion and orders this case dismissed with prejudice.

                                                                   /s/
                                            Mark A. Barnett
Dated: August 5, 2014                          Judge